# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50176 | **DATE** | 12/5/2003 |
| **CASE TITLE** | Arrington-Kleczewski vs. UAW | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, defendant Hooper's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 08 2003 date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12-5-03 date mailed notice | |
| LC | courtroom deputy's initials | 03 DEC -5 PM 3:24 FILED-AG Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Wendy Arrington-Kleczewski, filed a seven-count, first amended complaint against her employee, her labor union, and one individual, Keith Hooper, her supervisor and a steward for the union. Counts I-IV are based on sexual harassment, sexual discrimination, race discrimination and retaliation, respectively, and name the employer and union as defendants. Counts V and VI are state law claims of assault and intentional infliction of emotional distress, respectively, and are directed at Hooper. Hooper filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), contending that this court has no jurisdiction over Counts V and VI because they are purely state law claims and that plaintiff is attempting to "do an end-run around Title VII by cleverly alleging alternative State-based causes of action against Hooper in hopes of circumventing Tile VII's ban against individual liability of agents."

While the court can make quick work of the motion to dismiss, it is first compelled to advise Hooper's counsel to carefully research the applicable rules of procedure as well as Seventh Circuit law before filing a motion with the court. Although the motion to dismiss does not violate Rule 11, it may have been avoided with more thoughtful research.

That being said, the court denies the motion to dismiss. This court plainly has jurisdiction over state law claims that share a common nucleus of operative fact with a federal claim. Ammerman v. Sween, 54 F. 3d 423, 424 (7th Cir. 1995). A loose factual connection between the state and federal claims is generally sufficient. Ammerman, 54 F. 3d at 424. Here, it is readily apparent that Hooper's conduct toward plaintiff, some of which underlies the state law claims, is also alleged to support the Title VII claims. Thus, there is supplemental jurisdiction over the state law claims.

The court also rejects Hooper's alternate contention that by alleging state law claims based on conduct that is also relevant to Title VII plaintiff is attempting to avoid the bar against individual liability under Title VII. Ammerman and common sense foreclose that argument. Hooper also fails to explain why such an argument is not brought under Rule 12(b)(6) as opposed to Rule 12(b)(1) as it is not jurisdictional. Lastly, to the extent Hooper argues in his reply brief that plaintiff has not alleged a claim for assault and intentional infliction of emotional distress, the court rejects such an argument because it cannot be raised for the first time in a reply and because it is not proper under Rule 12(b)(1).

For the foregoing reasons, the court denies the motion to dismiss.